AUSA: Carmi Schickler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 25 mj 1263 **COMPLAINT** |
| v. | Violations of 21 U.S.C. § 841(a)(1) |
| PEDRO MARTE, | COUNTY OF OFFENSES: WESTCHESTER |
| Defendant. | |

SOUTHERN DISTRICT OF NEW YORK, ss.:

EDWARD G. McCUE, being duly sworn, deposes and says that he is a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), and charges as follows:

## COUNT ONE
### (Possession with Intent to Distribute Controlled Substances)

1.    On or about April 6, 2025, in the Southern District of New York and elsewhere, PEDRO MARTE, the defendant, knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.    The controlled substance involved in the offense was 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B).)

## COUNT TWO
### (Possession with Intent to Distribute Controlled Substances)

3.    On or about April 6, 2025, in the Southern District of New York and elsewhere, PEDRO MARTE, the defendant, knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4.    The controlled substance involved in the offense was mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5.    I have been a TFO with the DEA since 2023. In that capacity, I have participated in numerous investigations related to narcotics, and have spoken with other law enforcement

agents and officers who personally participated in the investigation of this matter. I make this Affidavit based in part on my review of reports and other documents prepared by law enforcement agents and others, and my training and experience.

6.      Throughout this Affidavit, where I assert that a statement was made, I was not the individual to whom the statement was made unless I specifically so state. Rather, information about the statement was provided by someone else to whom I have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and they are set forth in substance and in part, unless otherwise indicated. Similarly, unless otherwise indicated, information in this Affidavit resulting from surveillance does not necessarily set forth my personal observations, but may have been provided to me by other law enforcement agents who observed the events, and to whom I have spoken or whose reports I have read. Furthermore, the facts and circumstances of this investigation have been summarized for the specific purposes of this Affidavit. I have not attempted to set forth the complete factual history of this investigation or all of its details. In making this Affidavit, I rely only on the facts stated herein.

<u>Hotel Room Fire</u>

7.      Based on my involvement in prior narcotics-related investigations, personal observations, conversations with other members of law enforcement, review of law enforcement reports and records, review of other documents, and training and experience, I understand the following, in substance and in part:

        a.   On or about April 6, 2025, at approximately 9:19 p.m., members of the New Rochelle Police Department ("New Rochelle PD") arrived at the Residence Inn located at 35 Lecount Place in New Rochelle, New York (the "Residence Inn") in response to reports of a fire.

        b.   Upon their arrival, the members of the New Rochelle PD observed that members of the New Rochelle Fire Department ("New Rochelle FD") were already on scene. Members of the New Rochelle FD stated that the sprinkler system had been activated in Room 728 and patrons of the hotel had been evacuated. As a result of the activation of the sprinkler system, Room 728 and approximately 26 other rooms in the Residence Inn had been damaged. Upon entering Room 728, members of the New Rochelle FD observed evidence of a significant fire, including paint chipping off the walls and burnt buckets. Members of the New Rochelle FD also stated that they believed the fire was suspicious and considered the area a crime scene.

        c.   Upon entering Room 728, members of the New Rochelle PD observed in the bathroom a portable stove with a pot on top of it, several blue, metal cans of acetone, bottles of hydrochloric acid, and a large chemistry cylinder, as depicted in the photograph below:



Based on my training and experience, I know that these items can be used in the process for converting powder cocaine into crack cocaine.

d. In Room 728, members of the New Rochelle PD subsequently found two large plastic bags containing a white, powder substance that field tested positive for cocaine. The two bags, in total, weighed approximately 77 grams.

<u>Identification of MARTE</u>

e. According to a Residence Inn employee, at the time of the fire, Room 728 had been rented to PEDRO MARTE, the defendant, and MARTE had provided an address in Manhattan ("MARTE's Apartment"). The employee further stated that MARTE had rented Room 728 through Expedia, and that the employee was familiar with MARTE because MARTE had previously rented rooms at the Residence Inn.

f. New Rochelle PD obtained video from the Residence Inn of the person who had rented Room 728, which they compared with New York State Department of Motor Vehicles ("DMV") records and determined that the individual who had rented Room 728 was MARTE.

g. Additional surveillance video showed MARTE, carrying a blue bag with either a red or orange stripe, fleeing the hotel just after the sprinklers and alarm went off. Based on New Rochelle PD's observations, MARTE appeared disheveled and soaking wet in the video.

h. New Rochelle PD officers subsequently traveled to MARTE's Apartment. Upon their arrival, the officers spoke with an individual who identified herself as MARTE's mother, who told the officers that her son had contacted her to tell her that he had been in an accident and was seeking medical treatment at a hospital in Queens.

      i.   New Rochelle PD officers subsequently traveled to East Elmhurst Hospital in Queens and interviewed MARTE, who had significant burn injuries to his hand, torso, and foot. MARTE stated, in sum and substance, that he had been present at the Residence Inn at the time of the fire and that he had been alone.

<u>Subsequent Investigation – New Rochelle Storage Locker Containing Additional Drugs</u>

      j.   On or about the next day, *i.e.*, April 7, 2025, New Rochelle PD members reviewed additional surveillance footage from on or about the previous day at the Residence Inn. That surveillance footage showed MARTE arriving at the Residence Inn in a specific Bluebird Taxi and entering through the hotel's main entrance with two black suitcases, as depicted below:



      k.   New Rochelle PD members then spoke with the driver (the "Driver") of the taxi that had dropped MARTE off at the Residence Inn, who stated that MARTE had been picked up at the Drive-Up Storage facility in New Rochelle ("Drive-Up Storage").

      l.   On or about April 8, 2025, the Honorable Jared Rice, New Rochelle City Court Justice, signed a search and seizure warrant for storage locker #2228 at Drive-Up Storage, which had been rented by MARTE. In executing that warrant, officers found, among other things, approximately three kilograms of a substance that field tested positive for cocaine, approximately 12.2 grams of a substance that field tested positive for fentanyl, and drug distribution paraphernalia, including packaging materials, scales, a kilo press, and mixing agents.

*[Continued on next page.]*

WHEREFORE, I respectfully request that PEDRO MARTE, the defendant, be imprisoned or bailed, as the case may be.

_____

EDWARD G. McCUE
Task Force Officer
Drug Enforcement Administration


Sworn to before me this _17th_ day of April, 2025.

_____
THE HONORABLE JUDITH C. McCARTHY
United States Magistrate Judge
Southern District of New York